## MARY PIKULSKI *v.* WATERBURY HOSPITAL HEALTH CENTER
### (AC 22810)

Schaller, Dranginis and Stoughton, Js.

Argued March 17—officially released June 3, 2003

*James P. Brennan,* for the appellant (defendant).

*Hugh D. Hughes*, with whom were *William F. Gallagher* and, on the brief, *William P. Yelenak*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. In this negligence action, the defendant, Waterbury Hospital Health Center, appeals from the judgment rendered by the trial court after the jury verdict in favor of the plaintiff, Mary Pikulski. The court accepted the verdict and conducted a hearing pursuant to General Statutes § 52-225a[1] to determine the amount of collateral source payments to be applied to reduce the amount of economic damages awarded to the plaintiff. On appeal, the defendant claims that the court

[1] General Statutes § 52-225a provides: "(a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987, or (2) personal injury or wrongful death, arising out of the rendition of professional services by a health care provider, occurring on or after October 1, 1985, and prior to October 1, 1986, if the action was filed on or after October 1, 1987, and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.

"(b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.

"(c) The court shall receive evidence from the claimant and any other appropriate person concerning any amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death."

improperly calculated the collateral source reduction pursuant to § 52-225a. We agree with the defendant.

The record discloses the following relevant facts. On January 28, 1994, the plaintiff was injured when she slipped and fell on the defendant's premises for which she claimed damages in an action in negligence. At the trial, the plaintiff introduced evidence of medical bills in the amount of $92,013.23. The jury returned a verdict in favor of the plaintiff, but found that both parties had contributed to the plaintiff's fall and that her negligence amounted to 49 percent of the total negligence. The jury assessed economic damages at $48,980 and non-economic damages at $44,880 for total damages of $93,860 before any reduction for the plaintiff's negligence or collateral source payments.

The defendant filed a motion for a collateral source hearing pursuant to § 52-225a and Practice Book § 16-35. The total collateral source payments were $84,279.05. The parties agreed that the amount of the premiums paid by or on behalf of the plaintiff from 1994 through 2000, the years in which she had received treatment, was $26,324.46. The court, reasoning that the purpose of § 52-225a is to allow the plaintiff to keep as economic damages the amount that has not been received in the form of insurance payments, determined that the collateral source reduction should be calculated by using the economic damages actually awarded rather than the amount claimed by either party prior to a verdict. It thereupon used the amount of economic damages actually awarded, $48,980, as the gross amount of collateral source payments that could be considered. It then reduced that amount by the sum of the unpaid bills, $7700, and by 49 percent of the economic damages awarded, $24,000, an amount equal to the amount of reduction of the economic damages attributable to the plaintiff's own negligence, to produce a figure of $17,280. The court denominated that figure to be the

net collateral source reduction before the offset for premiums paid by or on behalf of the plaintiff. The court determined that the plaintiff was entitled to offset the net collateral source reduction of $17,280 by the total amount of the premiums paid, $26,324.46, thus reducing to zero the collateral source reduction. The court therefore rendered judgment for the plaintiff to recover $45,991.40.[2]

The defendant claims that the court improperly applied § 52-225a in calculating the collateral source reduction. It asserts that the amount of the collateral source reduction is the total amount paid by collateral sources for the medical bills less the sum of the costs of the benefits and an amount equal to the reduction in economic damages attributable to the plaintiff's negligence.

The plaintiff claims that because the purpose of § 52-225a is to preclude a possible double recovery, only the payments made for those medical bills determined by the jury to have been related to the case may be considered in determining the collateral source reduction. She maintains that only payments for those medical bills included in the award of economic damages may be considered as collateral source payments and that the amount of the collateral source reduction may not exceed the amount of the economic damages. We agree with the defendant.

Our opinion in *Jones* v. *Kramer*, 72 Conn. App. 789, 806 A.2d 606, cert. granted, 262 Conn. 914, 811 A.2d 1291 (2002), controls the result in this case. In *Jones*, we rejected a claim that only payments for medical bills specifically included in the jury's verdict may be deducted as collateral sources and determined that "§ 52-225a requires the reduction of economic damages

---

[2] The court awarded the plaintiff 49 percent of the damages rather than reducing the damages award by 49 percent.

by the total of all collateral source payments received, less the total of premiums paid to secure the collateral sources." Id., 792. The court's assessment to the contrary must therefore be reversed.

The judgment is reversed only as to the amount of collateral source payments to be applied to reduce the economic damages awarded to the plaintiff and the case is remanded with direction to reduce the amount of economic damages by the total amount paid by collateral sources for the medical bills less the sum of the costs of the benefits and an amount equal to the reduction in economic damages attributable to the plaintiff's own negligence. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.